DICKINSON, Justice,
Concurring:
¶ 31. Although I fully concur with the substance and result of Justice Lamar’s excellent opinion for the Court, I write separately, and briefly, to document what I believe to be a serious failing by the Mississippi Bar in its handling of this case-a failing which appears to be more institutional than the fault of any individual.
¶ 32. In pursuit of his reinstatement to the Bar, Keith Shelton submitted proposed findings of fact and conclusions of law which, in his view, fairly stated the compelling evidence presented to the tribunal. I agree that they did and that-based upon the record-Shelton should be immediately reinstated to the practice of law. However, glaringly absent from the record is any indication that the Bar tested Shelton’s proposed factual findings by seeking any evidence or response from either Judge Patton or former District Attorney Ed Peters, both of whom are the target of serious allegations of wrong-doing in Shelton’s proposed findings of fact.
¶ 33. Shelton’s proposed findings of fact with supporting evidence[11] represent only Shelton’s view and interpretation of the evidence. However, once they were adopted in toto by the Bar, Shelton’s findings of fact took on new significance. The Bar, in substance, represented to this Court that it not only adopted Shelton’s factual submission, but also that the Bar had taken reasonable and necessary steps to satisfy itself that they were, in fact, true. In that regard, I finding it amazing that the Bar would agree with the numerous and serious allegations of wrongful conduct by Judge Patton without taking the necessary steps to obtain Judge Patton’s testimony and response to Shelton’s allegations.
¶ 34. Furthermore, the Bar adopted the following as one of its findings of fact:
Although the reasons [Shelton’s] case was presented to the grand jury still are a mystery to Mr. Taylor,[12] one theory of Mr. Taylor’s is that Mr. Shelton and Jennings “were indicted on a dare. This was on occasion done during the tenure of the previous District Attorney, Ed Peters.”
As with Judge Patton, I find it equally amazing that the record reflects no effort by the Bar to obtain Peters’s testimony and response to such a serious allegation.
¶35. After Shelton’s testimony before the tribunal, counsel representing the *947 Bar — prior to cross-examination — offered the following observation:
Prior to my questions to Mr. Shelton, your honor, I want to point out a couple of things that I think are important to put in the record regarding the bar’s role in this proceeding today. As I appreciate the order, the tribunal has the duty to determine whether or not Mr. Shelton’s information he’s provided today and will provide in the continuation of the hearing is sufficient to satisfy the five jurisdictional requirements of Rule 12.7 of the Rules of Discipline. The order says, in at least two places and I believe three, that he has the burden of proof to go forward. As such, the bar has a very limited role, in my opinion, with the proceeding with the exception that we’d like to make sure that justice gets done with regard to Mr. Shelton’s reinstatement....
¶ 36. To the extent this statement by the Bar’s counsel before the tribunal implies that the Bar has no duty — or a limited duty — to review, investigate, and (where necessary) challenge the evidence offered by an applicant for reinstatement to the practice of law, it is incorrect. The Bar has a clear duty to fully investigate a former attorney’s application for reinstatement. Rule 12, Procedure 12.8, of the Mississippi Rules of Discipline, charges the Board of Bar Commissioners with the duty to “conduct an investigation and fully answer the petition” for reinstatement. Rule 5 charges Complaint Counsel (the Bar) with the responsibility to “investigate complaints, prosecute formal complaints, and discharge other duties assigned by the Board of Commissioners.” M.R.D.5 (emphasis added). The rule goes further to specifically provide that “Complaint Counsel shall conduct any investigation or investigatory hearing fairly and impartially and shall seek to elicit any and all facts which might be exculpatory or incriminatory of the accused attorney.” Id.
¶ 37. While it is true that an applicant for reinstatement to the Bar has the burden of proving the requirements for reinstatement have been met, the Bar, acting as Complaint Counsel on behalf of the Board of Commissioners, has the equally important obligation to test the applicant’s averments for truthfulness and reliability. This is especially true where, as here, the Bar purports to accept and adopt the applicant’s proposed findings of fact which aver serious and perhaps even criminal acts by others.
¶ 38. Although I find the record replete with substantial and compelling evidence which justifies Shelton’s immediate reinstatement to the practice of law, I believe that, in the course of its investigation, the Bar should have obtained the testimony of Judge Patton and Peters prior to accepting Shelton’s allegations of wrongful conduct against them at face value. At the very least, both men should have been offered the opportunity to respond on the record.
SMITH, C.J., WALLER, P.J., CARLSON, RANDOLPH AND LAMAR, JJ„ JOIN THIS OPINION.

. Justice Lamar outlines the evidence in her opinion for the Court.

. The "Mr. Taylor” referred to by Shelton is Robert Taylor, who served as Chief Assistant District Attorney for the Seventh Circuit Court District under District Attorney Ed Peters. It was Taylor who — testifying by deposition — made the allegations against Peters.